IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-03283-SKC-SBP

JASON RAY CLARK,

    Plaintiff,

v.

PHILIP J. WEISER, *et al.*,

    Defendants.

---

ORDER

---

Before the Court is the Recommendation of Magistrate Judge Susan Prose (Dkt. 36) to grant State Defendants' Motion to Dismiss (MTD) (Dkt. 29). The Recommendation advised the parties they had 14 days after service in which to file specific written objections. No party filed timely objections. For the reasons shared below, because the Court has satisfied itself that there is no clear error on the face of the record, the Court accepts the Recommendation and incorporates it into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

### A. LEGAL PRINCIPLES

**1.    Review of a Magistrate Judge's Recommendation**

Pursuant to Fed. R. Civ. P. 72(b), this Court reviews de novo any part of a magistrate judge's recommendation that is properly objected to. An objection is

1

proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). However, "[i]n the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). This standard of review for an unobjected to recommendation, and an untimely objection, is something less than a "clearly erroneous or contrary to law" standard of review, which in turn is less than a de novo review. *See* Fed. R. Civ. P. 72(a) and (b).

## 2.     Treatment of a Pro Se Plaintiff's Pleadings

A pro se litigant's pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But a pro se litigant must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on behalf of a pro se litigant. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or

2

unfamiliarity with pleading requirements, but it does not act as the pro se plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## B. BACKGROUND

As set forth more fully in the Recommendation, this case is one of many filed by Plaintiff Jason Clark against various entities related to the loss of his Colorado securities license and the license for his investment firm, which he contends led to events resulting in his loss of his custodian arrangement with Charles Schwab & Co. and of his clients whose funds he had managed. Dkt. 36, pp.2-3, 2 n.2, 16. The Defendants in this case are Colorado agencies and officials whom Plaintiff sued relating to investigatory and administrative proceedings connected with the loss of the investment licenses, which Plaintiff claims resulted in multiple constitutional and other violations by Defendants. *Id.* at pp.1, 3. Several Defendants have already been dismissed for lack of proper service by Plaintiff. *Id.* at p.1 n.1. The remaining Defendants brought the current MTD arguing the claims should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Id.* at p.1 n.1, p.2.

After the Motion was fully briefed (Dkts. 29, 31, 33), Judge Prose issued her Recommendation on February 27, 2025, and concluded Plaintiff's claims against Defendants in their individual capacities should be dismissed because they are entitled to qualified immunity. She further recommends Plaintiff's claims against Defendants in their official capacity, for prospective injunctive relief, be dismissed because he failed to plausibly allege any claims of municipal liability. Dkt. 36.

3

## C. ANALYSIS

As stated above, for a party to preserve their right to de novo review of a Recommendation, their objections must be filed within 14 days of service of the Recommendation. Plaintiff, however, did not file his Objection within that time. Thus, the Court reviews the Recommendation to confirm no clear error on the face of the record exists. *See Thomas*, 474 U.S. at 150.

The Court finds the Recommendation is detailed and thorough and contains no clear error on the face of the record. Judge Prose correctly applied applicable law and appropriately construed Plaintiff's claims liberally. She engaged in a fulsome discussion of Plaintiff's failure to plausibly allege personal participation on the part of any Defendant and his lack of citations to any pertinent precedent clearly establishing the laws Defendants are alleged to have violated. And she thoroughly and cogently discussed how Plaintiff's failure to allege any constitutional violations precluded success on his official capacity claims. The Court finds no error in the Recommendation, clear or otherwise.

\* \* \*

For the reasons shared above, the Court ACCEPTS and ADOPTS the Recommendation (Dkt. 36) and GRANTS the Motion to Dismiss (Dkt. 29). Further, because Defendants are entitled to qualified immunity, which in turn precludes any official capacity claims, this dismissal shall be with prejudice. The Clerk of Court shall terminate this case.

DATED: March 17, 2025

BY THE COURT:

_____

S. Kato Crews
United States District Judge

5